■ SARAH GILBERG, Respondent, v. JOSEPH B. GILBERG, Individually, and as Executor of ANNA GILBERG, Deceased, et al., Appellants, and GILBERG BROS., INC., et al., Defendants.— In an action for partition of three parcels of real property, defendants Joseph Gilberg, Leo Gilberg and Edith Berg appeal (1) from an order of the Supreme Court, Westchester County, entered July 30, 1970, which granted plaintiff's motion for summary judgment and appointed a Referee to ascertain *inter alia* the rights, shares and interests of the several parties having an interest in the property; and (2) as limited by their brief, from so much of an interlocutory judgment of the same court, entered November 8, 1972 after confirmation of the Referee's report, as (a) awarded to plaintiff all costs and disbursements and an additional allowance and directed appellants to pay the Referee's fee and plaintiff's legal fees and (b) failed to consider appellants' setoff claims and their demand for an accounting. Order affirmed, without costs. Interlocutory judgment modified by adding to subdivision 4 of the first decretal paragraph thereof a provision directing that findings of fact and a determination be made as to whether appellants are entitled to any setoffs against plaintiff's share. As so modified, interlocutory judgment affirmed insofar as appealed from, without costs, and action remitted to the Special Term for the making of such findings and determination and for the entry of an amended interlocutory judgment reflecting such findings and determination. The three parcels of property in question are located in Mount Vernon. Gilberg Bros., Inc., a tenant, was joined as a party defendant. Appellants' answer asserted six cross claims against Gilberg Bros., Inc., and four counterclaims against plaintiff. The order granting summary judgment was properly made. The cross claims against Gilberg Bros., Inc., are not properly maintainable in this action (cf. *Goergen v. Maar*, 2 A D 2d 276, 278; *Collin v. Seacombe*, 277 App. Div. 1141). Insofar as the counterclaims seek an accounting and a setoff against plaintiff's share, they are a necessary incident of the action and need not be pleaded (see *Zaveloff v. Zaveloff*, 37 N. Y. S. 2d 46, and cases cited therein). During the course of the hearings held before the Referee he ruled that the allegations of the counterclaims were properly before him for determination. Accordingly, a full hearing was had as to all of appellants' claims. However, no findings were made as to these matters because the Referee's report, which was confirmed, erroneously concluded that the grant of summary judgment precluded his consideration of these issues. We have considered appellants' claims and have concluded that they are largely without merit. However, appropriate findings must be made by Special Term, particularly with reference to the question whether there was a failure to restore the Miller Place property to " its natural state " in accordance with the 1963 stipulation of settlement and, if so, whether such failure reduced the ultimate price received for the sale of that property, in which event appellants would be entitled to a setoff in accordance with the terms of the stipulation. There appears to be no explanation for the Referee's inordinate delay and there should be a speedy disposition of the case. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.